NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1578-23
    A-1723-23
    A-2038-23

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE OF HOF
GRANTOR TRUST 1,

  Plaintiff-Respondent,

v.

U03 HOLDINGS LLC, and
SANABELLE FUNDING
LLC,

  Defendants-Appellants,

and

PREET D. SINGH,

  Defendant.

_____

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE OF HOF

GRANTOR TRUST 1,

Plaintiff-Respondent,

v.

U02 HOLDINGS LLC, and
SANABELLE FUNDING
LLC,

Defendants-Appellants,

and

PREET D. SINGH,

Defendant.

_____

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE OF HOF
GRANTOR TRUST 1,

Plaintiff-Respondent,

v.

U01 HOLDINGS LLC, and
SANABELLE FUNDING
LLC,

Defendants-Appellants,

and

PREET D. SINGH,

A-1578-23

Defendant.

_____

Submitted November 12, 2025 – Decided January 16, 2026

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket Nos. F-003752-21, F-003864-21, and F-005700-21.

Offit Kurman, PA, attorneys for appellants (Thomas J. Major, of counsel and on the briefs).

Finestein & Malloy, LLC, and Friedman Vartolo LLP, attorneys for respondent (Russell M. Finestein, Daniel L. Finestein, and Quenten Elizabeth Gilliam, on the brief).

PER CURIAM

In these consolidated commercial foreclosure matters, defendants U01 Holdings, LLC (U01), U02 Holdings, LLC (U02), U03 Holdings, LLC (U03) (collectively the U0 LLCs), and Sanabelle Funding, LLC (Sanabelle) appeal from the June 23, 2023 Chancery Division order: (1) granting summary judgment in favor of plaintiff U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of HOF Grantor Trust I; (2) finding the mortgages held by plaintiff on three properties were the first mortgage liens on those properties and superior to any claimed liens on those properties asserted by Sanabelle; (3) striking defendants' answers and entering default against them;

3

A-1578-23

and (4) transferring the complaints to the Office of Foreclosure to proceed as uncontested matters.  We dismiss the appeals as moot.

I.

A.     The Properties.

1.     Maplewick Lane.

On or about June 14, 2018, Rhonda Tharpe created U01, of which she was the 100% owner, for the purpose of purchasing a residence in need of rehabilitation on Maplewick Lane in Willingboro.  U01 executed a contract to purchase the property.

On October 28, 2018, Tharpe and Omar Skyers presented a proposal to Umar Sheikh, the sole member of Sanabelle, to have Sanabelle finance the purchase, rehabilitation, and carrying costs of the property for eventual sale to a third party.  Tharpe and Skyers proposed to oversee the construction and rehabilitation needed to get the property in marketable condition.  From the proceeds of the sale, Sanabelle would receive the return of its investment and a specified profit.  Any remaining profit would be distributed among Tharpe, Skyers, and Sanabelle.  Tharpe, Skyers, and Sanabelle had purchased, rehabilitated, and sold properties in the past.  Sheikh agreed to the proposal.

A-1578-23

On October 29, 2018, U01 obtained title to the property through a purchase funded by Sanabelle. On the same day, the parties to the transaction executed five documents: (1) Tharpe, on behalf of U01, signed a promissory note in favor of Sanabelle for $135,000; (2) Tharpe and Skyers signed personal guarantees for Sanabelle's loan to U01; (3) Tharpe and Sanabelle executed an agreement transferring Tharpe's 100% interest in U01 to Sanabelle; (4) U01 and Sanabelle executed an amended operating agreement listing Sanabelle as the 100% owner of U01; and (5) Tharpe, Skyers, and Sanabelle executed a joint venture agreement concerning the rehabilitation and marketing of the property, and the distribution of the proceeds of its eventual sale to a third party.

Sanabelle did not file with the Division of Revenue (DOR) an amended certificate of formation for U01 to create a public record of Sanabelle's interest in the LLC. See N.J.S.A. 42:2C-18(c) (permitting the filing of an amended certificate of formation containing information not required by statute) and N.J.S.A. 42:2C-19 (requiring the filing of an amended certificate of formation when the information in the original certificate of formation becomes inaccurate). Nor did Sanabelle file a statement of authority with DOR identifying Sheikh or someone other than Tharpe as having the authority to

5

transfer an interest in real property, execute documents, or otherwise bind U01. See N.J.S.A. 42:2C-28(a)(2).

According to Sanabelle, Tharpe and Skyers defaulted on their contractual obligations with respect to the Maplewick Lane property by spending more than budgeted and failing to meet the agreed upon timeline for renovations to the property.

2.     Barrington Lane.

On or about October 10, 2018, Tharpe created U02, of which she was 100% owner, for the purpose of purchasing a residence in need of rehabilitation on Barrington Lane in Willingboro.  U02 executed a contract to purchase the property.

Shortly thereafter, Tharpe and Skyers presented a proposal to Sheikh to have Sanabelle finance the purchase, rehabilitation, and carrying costs of the property for eventual sale to a third party.  The proposal was structured in the same manner as the proposal for the Maplewick Lane property.  Sheikh agreed to have Sanabelle fund the proposal.

On October 12, 2018, U02 obtained title to the property through a purchase funded by Sanabelle.  On the same day, the parties to the transaction executed five documents:  (1) Tharpe, on behalf of U02, signed a promissory

note in favor of Sanabelle for $126,000; (2) Tharpe and Skyers signed personal guarantees for Sanabelle's loan to U02; (3) Tharpe and Sanabelle executed an agreement to transfer Tharpe's 100% interest in U02 to Sanabelle; (4) U02 and Sanabelle executed an amended operating agreement listing Sanabelle as the 100% owner of U02; and (5) Tharpe, Skyers and Sanabelle executed a joint venture agreement concerning the rehabilitation and marketing of the property and the distribution of the proceeds from its eventual sale to a third party.

Sanabelle did not file with DOR an amended certification of formation to create a public record of Sanabelle's interest in U02 or a statement of authority identifying Sheikh or someone other than Tharpe as having the authority to transfer an interest in real property, execute documents, or otherwise bind U02.

According to Sanabelle, Tharpe and Skyers defaulted on their contractual obligations with respect to the Barrington Lane property by spending more than budgeted and failing to meet the agreed upon timeline for renovations to the property.

    3.    <u>Express Lane.</u>

On or about January 16, 2019, Tharpe created U03, of which she was 100% owner, for the purpose of purchasing a residence in need of rehabilitation

on Express Lane in Willingboro. U03 executed a contract to purchase the property.

Shortly thereafter, Tharpe and Skyers presented a proposal to Sheikh to have Sanabelle finance the purchase, rehabilitation, and carrying costs of the property for eventual sale to a third party. The proposal was structured in the same manner as the proposal for the other Willingboro properties. Sheikh agreed to have Sanabelle fund the proposal.

On February 12, 2019, U03 obtained title to the property through a purchase funded by Sanabelle. On the same day, the parties to the transaction executed five documents: (1) Tharpe, on behalf of U03, signed a promissory note in favor of Sanabelle for $141,000; (2) Tharpe and Skyers signed personal guarantees for Sanabelle's loan to U03; (3) Tharpe and Sanabelle executed an agreement to transfer Tharpe's 100% interest in U03 to Sanabelle; (4) U03 and Sanabelle executed an amended operating agreement listing Sanabelle as the 100% owner of U03; and (5) Tharpe, Skyers and Sanabelle executed a joint venture agreement concerning the rehabilitation and marketing of the property and the distribution of the proceeds from its sale to a third party.

Sanabelle did not file with DOR an amended certification of formation to create a public record of Sanabelle's interest in U03 or a statement of authority

A-1578-23

identifying Sheikh or someone other than Tharpe as having the authority to transfer an interest in real property, execute documents, or otherwise bind U03.

According to Sanabelle, Tharpe and Skyers defaulted on their contractual obligations with respect to the Express Lane property by spending more than budgeted and failing to meet the agreed upon timeline for renovations to the property.

B.    The Planet Mortgages.

Later in 2019, Tharpe and Skyers contacted defendant Preet D. Singh seeking additional financing for the rehabilitation of the three properties. Sanabelle alleged Skyers and Tharpe were unable to secure additional funding because of their poor financial conditions and asked Singh to fraudulently hold himself out as a controlling member of the U0 LLCs to obtain loans secured by the properties.  Singh agreed to obtain the loans for a fee of $15,000 per property.  During discovery, he testified he had no intention of repaying the loans and was compensated for his services only by the fee.

A mortgage broker put Singh in contact with Planet Management Group, LLC (Planet).  Singh, who had no interest in the U0 LLCs, submitted loan applications to Planet on behalf of the entities.

A-1578-23

During the preparation of the loan documents, a representative of Planet contacted the mortgage broker and stated, in relevant part, "[n]eed Preet Singh added to the Certificate of Formation for all LLCs" and "[n]eed the Operating Agreement for all LLC[]s showing Preet as the majority member (over 50%). The agreement must be signed by all members."

Tharpe and Singh subsequently submitted amendments to the operating agreements for the U0 LLCs stating Singh had a fifty-one-percent interest, and Tharpe had a forty-nine-percent interest in each entity. The amendments did not mention Sanabelle or its 100% interest in the U0 LLCs.

A Planet representative later stated the lender required Singh to have at least an eighty-percent interest in the U0 LLCs to sign the loan documents on behalf of the entities. Tharpe and Singh subsequently submitted amendments to the operating agreements for the U0 LLCs indicating Singh had an eighty-one-percent interest, and Tharpe had a nineteen-percent interest in the LLCs. The amendments did not mention Sanabelle or its 100% interest in the U0 LLCs.

On October 7, 2019, Singh signed a promissory note, purportedly as the managing member of U01, indebting the entity for $137,000 payable to Planet. To secure the note, Singh executed a mortgage, purportedly as the managing member of U01, encumbering the Maplewick Lane property for the debt to

10

Planet. The mortgage was recorded on October 29, 2019. Singh also executed a personal guarantee of the underlying debt.

On October 24, 2019, the note and mortgage were assigned by Planet to plaintiff. The assignment was recorded on October 12, 2021.

On October 7, 2019, Singh signed a promissory note, purportedly as the managing member of U02, indebting the entity for $142,000 payable to Planet. To secure the note, Singh executed a mortgage, purportedly as the managing member of U02, encumbering the Barrington Lane property for the debt to Planet. The mortgage was recorded on October 29, 2019. Singh also executed a personal guarantee of the underlying debt.

On October 24, 2019, the note and mortgage were assigned by Planet to plaintiff. The assignment was recorded on April 6, 2021.

On October 7, 2019, Singh signed a promissory note, purportedly as the managing member of U03, indebting the entity for $130,000 payable to Planet. To secure the note, Singh executed a mortgage, purportedly as the managing member of U03, encumbering the Express Lane property for the debt to Planet. The mortgage was recorded on October 29, 2019. Singh also executed a personal guarantee of the underlying debt.

11

On October 24, 2019, the note and mortgage were assigned by Planet to plaintiff. The assignment was recorded on March 18, 2021.

At the time the promissory notes and mortgages were executed, Singh and Tharpe submitted consent of members forms to Planet stating Singh was the managing member and 100% owner of each of the U0 LLCs.[1]

Although Planet held back some of the funds as a construction escrow, the remainder of the loans were distributed. The record does not establish who received the loan proceeds or if the funds were used to rehabilitate the properties.

C.    The Chancery Division Complaint.

On October 31, 2019, while attempting to make an insurance payment on one of the properties, Sheikh became aware of the Planet mortgages. On November 1, 2019, he wrote to Planet, stating Sanabelle was the sole owner of the U0 LLCs and did not authorize the mortgages signed by Singh. Sheikh demanded the mortgages be removed from the properties. He also stated:

> Please take further notice that it is my understanding that funds were held back on each of these loans as a construction holdback. It is my understanding that

---

[1]  During discovery, both Tharpe and Singh denied, or professed having no memory of, signing the documents stating Singh had an ownership interest in the U0 LLCs. Singh also denied making capital contributions to the LLCs, despite the amended operating agreements indicating such contributions.

A-1578-23

> attempts will be made to draw on these funds by the persons who orchestrated the fraud that resulted in these mortgages. Demand is hereby made that you do not permit any further disbursements with respect to these loans.

On or about November 8, 2019, Sanabelle filed a complaint in the Chancery Division against Tharpe, Skyers, Singh, Planet and other defendants it alleged were involved in obtaining the Planet loans and mortgages. Sanabelle alleged Tharpe and Singh fraudulently presented themselves as members of the U0 LLCs to obtain loans from Planet and fraudulently secured those loans by placing mortgages on properties they did not own (the Chancery Division Action). Sanabelle sought a judgment cancelling the Planet mortgages on the properties pursuant to N.J.S.A. 2A:51-1(c), and quieting title to the properties pursuant to N.J.S.A. 2A:61-1.

Sanabelle later amended its complaint to name the U0 LLCs as additional plaintiffs. The amended complaint also added additional counts alleging fraud against Tharpe, Skyers, Singh, and another defendant, conversion against all defendants, and breach of contract against Tharpe and Skyers. In addition to a judgment cancelling the Planet mortgages and quieting title, the plaintiffs sought: (1) placement of a constructive trust on the properties, the proceeds of

13

the Planet mortgages, and of any sales of the properties; and (2) monetary damages resulting from the alleged fraud, conversion, and breach of contract.

Planet filed an answer, counterclaims against Sanabelle, and cross-claims against Tharpe, Skyers, and other defendants. Planet alleged: (1) it was a bona fide mortgagee for value without notice of Sanabelle's interest in the properties or the U0 LLCs; (2) its mortgages were first liens against the properties; and (3) it reasonably relied on the records of DOR and the Burlington County Clerk, which did not show Sanabelle had an ownership interest in the U0 LLCs, or a lien on the properties, or that Tharpe was unable to act on behalf of the U0 LLCs when Planet executed the mortgages.

D. The Summary Judgment Motions in the Chancery Division Action.

On January 8, 2021, Planet moved for summary judgment in the Chancery Division Action seeking dismissal of Sanabelle's complaint and judgment in its favor on its counterclaims. Planet argued Sanabelle's failure to file any documents with DOR or the County Clerk recording its interest in the U0 LLCs and properties and limiting Tharpe's authority to act on behalf of the U0 LLCs allowed Singh to hold himself out as having apparent authority to execute the notes and mortgages binding the U0 LLCs and encumbering the properties. In support of this argument, Planet relied on the affidavit of Ann-Marie

14

Bellantuono, President of Closing Experts, LLC, which was retained by Planet to prepare the closing documents for the three loans. Bellantuono testified Closing Experts obtained the records of the U0 LLCs from DOR and none indicated Sanabelle had an ownership interest in the entities.

Sanabelle opposed the motion and cross-moved for summary judgment. It argued Singh did not have actual authority to bind the U0 LLCs and he and Planet engaged in fraudulent conduct by creating documents purporting to establish Singh had a majority interest in the LLCs. Planet, Tharpe, and Singh opposed Sanabelle's cross-motion.

On June 14, 2021, the court issued an order denying both motions without prejudice. In a written decision, the court found, with respect to Planet's motion:

> [T]here are genuine issues of material fact . . . that preclude the court from granting summary judgment in favor of Planet . . . . These include whether Singh had actual or apparent authority to execute these documents and close on the loans with Planet . . . and whether Planet . . . directed the changes on documents establishing Singh's alleged ownership interest in the U0 [LLCs]. Plaintiffs contend Planet . . . admits it changed the percentage interest in the critical documents; Planet . . . responds it reasonably relied on documents already in existence. These determinations have a direct bearing on whether the mortgages in favor of Planet . . . should be enforced or voided.

15

The court also denied Sanabelle's cross-motion, finding "[t]his is a highly disputed record" and Sanabelle had "not proven an absence of disputed material facts[,]" including whether Singh had actual or apparent authority to act on behalf of the U0 LLCs in the transactions with Planet.

On June 25, 2021, the court issued an order scheduling the Chancery Division Action for trial on July 20, 2021.

E.    The Foreclosure Complaints.

While the Chancery Division Action was pending, the U0 LLCs defaulted on the Planet loans. Each LLC failed to make the payment due on February 1, 2020, and every payment thereafter.

On July 19, 2021, the day before the scheduled trial in the Chancery Division Action, plaintiff filed a foreclosure complaint in the Chancery Division against: (1) U03; (2) Singh, as guarantor of the defaulted loan; and (3) Sanabelle, as a possible subordinate lienholder.

On July 23, 2021, plaintiff filed a foreclosure complaint in the Chancery Division against: (1) U02; (2) Singh, as guarantor of the defaulted loan; and (3) Sanabelle, as a possible subordinate lienholder.

A-1578-23

On November 10, 2021, plaintiff filed a foreclosure complaint in the Chancery Division against: (1) U01; (2) Singh, as guarantor of the defaulted loan; and (3) Sanabelle, as a possible subordinate lienholder.

Sanabelle and the relevant U0 LLC filed a contesting answer in each foreclosure matter. They alleged the notes and mortgages were fraudulently obtained and Singh lacked actual or apparent authority to act on behalf of the U0 LLC. They noted the validity and enforceability of Planet's notes and mortgages were being challenged in the Chancery Division Action, and sought judgments dismissing the foreclosure complaints.

F.    The Summary Judgment Motion in the Foreclosure Actions.

On November 24, 2021, the court scheduled the trial in the Chancery Division Action for December 7, 2021. Because of health concerns raised by Tharpe, the court adjourned the trial several times, ultimately scheduling the trial for April 26, 2022.

On April 14, 2022, plaintiff moved for summary judgment in the U02 and U03 foreclosure matters. Eight days later, Tharpe filed a bankruptcy petition in the United States Bankruptcy Court. As a result, the court stayed the trial of the Chancery Division Action.

17

On June 2, 2022, plaintiff moved for summary judgment in the U01 foreclosure action. Sanabelle and the U0 LLCs filed opposition to plaintiff's summary judgment motions in the three foreclosure matters.

On July 11, 2022, the court issued orders consolidating the Chancery Division Action with the three foreclosure matters. In a written decision, the court also denied plaintiff's summary judgment motions in the foreclosure matters. The court found:

> All of the foreclosure matters are highly contested. Sanabelle contends that Planet was aware of fraud perpetrated upon it by Tharpe and [Singh]. Planet denies that it was aware of any fraud and that all documentation clearly supported [Singh's] authority to bind [the U0 LLCs] to the loan transactions. Nonetheless[,] the underlying issues have yet to be resolved in the Chancery matter. If this court were to grant summary judgment only to have the Chancery court grant Sanabelle's request to cancel and discharge the subject mortgages, a substantial inequity would result to Sanabelle as well as to any purchase at sheriff's sale.
>
> [(footnote omitted).]

The court also found consolidation was warranted because the Chancery Division Action and the three foreclosure complaints involved common issues of law and fact which should be resolved in concert to avoid inconsistent

outcomes. The court administratively dismissed the matters pending resolution of Tharpe's bankruptcy petition.

On October 7, 2022, plaintiff requested the matters be reinstated because Tharpe's bankruptcy petition had been resolved. After reopening the matters, the court granted Singh's request, opposed by Sanabelle and the U0 LLCs, to permit a new round of summary judgment motions. The court also scheduled the Chancery Division Action for trial on July 26, 2023.

On May 16, 2023, Singh moved for summary judgment in the consolidated matters, arguing he had either actual or apparent authority to bind the U0 LLCs in Planet's notes and mortgages and Sanabelle's negligent failure to record its ownership of the U0 LLCs and interest in the properties was the cause of any damages it might suffer because of the foreclosures.

On June 23, 2023, the court issued an order granting summary judgment in the Chancery Division Action in favor of Singh and against Sanabelle and the U0 LLCs with respect to the validity and enforceability of the Planet notes and mortgages. In addition, in the foreclosure actions, the court sua sponte reconsidered its decisions denying plaintiff's summary judgment motions, granted summary judgment to plaintiff, declared plaintiff's mortgages to be the first liens against the properties, struck all contesting answers, entered default

19

against all defendants, and referred the complaints to the Office of Foreclosure as uncontested matters.

The court also transferred Sanabelle's fraud, conversion, and breach of contract claims in the Chancery Division Action to the Law Division for resolution. The court dismissed the remaining claims in the Chancery Division Action. Finally, the court terminated the consolidation of the Chancery Division Action with the foreclosure matters.

In a written decision, the court found Singh had both actual and apparent authority to bind the U0 LLCs in the Planet notes and mortgages. The court found the U0 LLCs did not file statements of authority with DOR identifying someone other than Tharpe as having the authority to act on behalf of the entities. In addition, the court noted Sanabelle did not file with DOR the amended operating agreements indicating it owned the U0 LLCs. The court found the only documents on file with DOR with respect to the U0 LLCs were certificates of formation listing Tharpe as the sole member, Internal Revenue Service letters listing Tharpe as the sole member, and the documents created during the Planet transactions indicating Singh's ownership interest in the entities.

A-1578-23

Thus, the court concluded a third party, such as Planet, dealing with the U0 LLCs could reasonably rely on the documents filed with DOR. The court explained,

> when the notes and mortgages were executed[,] Planet relied on records which demonstrated that Singh was a member with an [eight-one-percent] owner [sic] of the U0 entities, and that no other entity (Sanabelle) had any interest in the subject properties. As a majority shareholder of a two-member LLC, any reasonable person would conclude that Singh had actual authority to bind the U0 entities; it defies logic to conclude that a [nineteen-percent] owner, . . . Tharpe, was the only person with authority to bind the U0 entities. Thus, based on the documents and the certifications before the court, the court finds that Planet reasonably relied on evidence establishing that Singh had actual authority to bind the U0 entities. Accordingly, there is no dispute of material fact concerning the validity of the underlying notes and mortgages.

The court found these circumstances arose because Sanabelle "failed to take any action to establish or secure its purported interest in the U0 entities or the subject properties, and took no action to otherwise protect any of its purported interest in the U0 entities."

21

On June 23, 2023, the court entered a final judgment in the consolidated foreclosure matters reflecting its decision. These appeals followed.[2]

Defendants did not move for a stay of the sale of the properties pending appeal. In February 2024, the Maplewick Lane property was sold to a third-party. The proceeds from the sale did not satisfy U01's debt to plaintiff. In May 2024, the Express Lane property was sold to a third party. The proceeds from the sale did not satisfy U03's debt to plaintiff. Also in May 2024, plaintiff purchased the Barrington Lane property at a Sheriff's sale for $100. On August 20, 2024, plaintiff sold that property to a third party.

Sanabelle and the U0 LLCs argue the motion court erred by: (1) sua sponte reconsidering its denial of plaintiff's prior summary judgment motion; (2) conflating actual authority with apparent authority and concluding Singh had actual authority to act on behalf of the U0 LLCs; (3) finding Singh had apparent authority to act on behalf of the U0 LLCs, given Planet's reliance on the documents on file with DOR was not reasonable; and (4) relying on Sanabelle's decision not to make a discretionary filing with DOR to conclude Sanabelle

---

[2] Sanabelle and the U0 LLCs did not seek leave to appeal from the portion of the June 23, 2023 judgment granting summary judgment to Singh in the Chancery Division Action.

created the circumstances that allowed Singh to represent to Planet the apparent authority to act on behalf of the U0 LLCs.

Plaintiff argues the appeals are moot because the properties were sold to third parties to satisfy the mortgages. Plaintiff claims, as a result, the relief defendants sought in opposing the foreclosure actions – cancellation of Planet's mortgages – cannot be obtained, even if we were to conclude the motion court erred when it found those mortgages to be valid and enforceable. In the event we determine the appeals are not moot, plaintiff argues the judgment in the foreclosure action should be affirmed because: (1) Singh had actual authority to bind the U0 LLCs in the Planet notes and mortgages; (2) if Singh did not have actual authority to bind the U0 LLCs, he had apparent authority to do so; (3) if the notes and mortgages were not authorized, Sanabelle's negligence was the proximate cause of its damages; and (4) any interest Sanabelle had in the properties was not recorded and was, therefore void and of no effect.

## II.

It is well-settled that "[m]oot or academic appeals are generally dismissed." Advance Elec. Co v. Montgomery Twp. Bd. of Educ., 351 N.J. Super. 160, 166 (App. Div. 2002). We "will not decide a case if the issues are hypothetical, a judgment cannot grant effective relief, or there is no concrete

23

adversity of interest between the parties." Ibid. "An issue is considered 'moot when our decision . . . can have no practical effect on the existing controversy.'" Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (quoting Redd v. Bowman, 223 N.J. 87, 104 (2015)).

In their answers in the foreclosure actions, Sanabelle and the U0 LLCs sought judgments dismissing the complaints and precluding plaintiff from foreclosing on the mortgages because they were invalid and unenforceable. That relief, if granted, would have preserved the U0 LLCs' ownership of the properties and Sanabelle's claimed liens on the properties. However, once the properties were sold to third parties to satisfy plaintiff's mortgages, defendants' interest in the properties were extinguished. Defendants elected not to seek a stay of the sales of the properties, see Rules 2:9-5 and :9-6(a), thereby assuming the risk their interests in the properties would be extinguished before this appeal was resolved. That eventually came to pass. In light of the sales of the properties to third parties, even if we were to reverse the motion court's grant of summary judgment to plaintiff, the U0 LLCs' ownership of the properties and Sanabelle's liens would not be restored.

Defendants are not, however, without available remedies. In the pending Chancery Division Action, they seek monetary damages for fraud, conversion,

and breach of contract from Tharpe, Skyers, and other defendants who were allegedly involved in obtaining the Planet notes and mortgages. Those claims were preserved by the motion court and transferred to the Law Division for resolution.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1578-23